IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SOUTHERN OHIO MEDICAL CENTER, | : | Case No. 1:19-cv-261 |
| Plaintiff, | : : | Judge Susan J. Dlott |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : : | **ORDER ADOPTING REPORT AND** |
| MARK GRIFFITH and COUNTRYSIDE RENTALS, INC., d/b/a RENT 2 OWN, | : : | **RECOMMENDATION** |
| Defendants. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 15), Plaintiff Southern Ohio Medical Center's ("SOMC's") objection thereto (Doc. 16), and the response thereto by Defendants Mark Griffith and Countryside Rentals, Inc., d/b/a Rent 2 Own ("Countryside") (Doc. 17). The Court will adopt the Report and Recommendation.

**I.**   Background

As acknowledged by Defendants, SOMC "provided health care goods and services to Griffith, a patient who was covered by a self-funded employee welfare benefit plan . . . governed by ERISA[1] and sponsored by Countryside." (Defs.' Mot. to Dismiss, Doc. 14 at PageID 76.) SOMC filed a two-count First Amended Complaint for related damages in the Scioto County, Ohio Court of Common Pleas. (*See* Am. Notice of Removal, Ex. A, Doc. 13-1.) In it, SOMC alleged that Griffith had agreed to pay SOMC for those goods and services (Count I). SOMC also alleged that Countryside's third-party administrator had pre-approved Griffith's receipt of those goods and services, a representation upon which SOMC relied (Count II).[2] Both Counts refer to damages in the amount of $153,656.49. Countryside removed the action federal court.

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*
[2] Defendants challenges the coherence and sufficiency of these claims in their Motions to Dismiss (Docs. 5, 14)—matters that remain referred to the Magistrate Judge.

1

(*See* Docs. 1, 13.) SOMC then moved to remand the case to Scioto County (Doc. 6), the matter upon which the Magistrate Judge issued her Report and Recommendation (Doc. 15). She concluded that SOMC's claim against Countryside was completely preempted by ERISA and that removal was therefore appropriate. (*See id.* at PageID 97.) She further noted that SOMC's claim against Griffith, while not preempted, fell within the Court's discretionary supplemental jurisdiction. (*Id.*)

## II. Standard of Review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter,[3] the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issue for review: "[a] general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III. Analysis

The entire and brief extent of SOMC's objection to the Report and Recommendation is its insistence that it is not an ERISA plan beneficiary—an insistence that ignores the Magistrate Judge's well-supported conclusion that SOMC enjoys *derivative* (though not statutory) standing under ERISA. (*See* Doc. 15 at PageID 93–95.) Aside from its failure to acknowledge or appreciate this distinction, SOMC's two-paragraph memorandum in support is devoid of any citation to either the record or case law and "merely restate[s]" its position that SOMC does not

---
[3] "[R]emand motions are dispositive[.]" *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

2

have federal-court standing. *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018). (*See* Pl.'s Obj., Doc. 16 at PageID 101 ("Again, the Plaintiff . . . would merely reemphasize its position that it in no way is a beneficiary under any ERISA Plan that Mr. Griffith had with his employer.").) The Court concludes that this general and conclusory objection "does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

The Magistrate Judge also noted that SOMC's claim against Griffith was not completely preempted and that the Court had the option to exercise jurisdiction over it. (*See* Doc. 15 at PageID 97.) *See Langley v. Daimler Chrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (holding that the district court had supplemental jurisdiction over state-law claims where the plaintiff's complaint had alleged "claims sufficiently related to ERISA to invoke federal-question jurisdiction"). "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Relatedly, "when federal question claims are dismissed before trial, the state law claims should be dismissed as well." *Kirkland v. Luken*, 536 F. Supp. 2d 857, 879 (S.D. Ohio 2008) (citations omitted). In view of this authority, pending the resolution of Defendants' Motion to Dismiss (Doc. 14), the Court believes that a partial remand as to Defendant Griffith would be premature—even if state-court disposition proves inevitable. *See id.*

**IV.    Conclusion**

Accordingly, SOMC's Objections to the Report and Recommendation (Doc. 16) are overruled and the Magistrate Judge's Report and Recommendation (Doc. 15) is **ADOPTED**.

**IT IS SO ORDERED**.

Dated: February 6, 2020          S/Susan J. Dlott
                                                                     Judge Susan J. Dlott
                                                                     United States District Court