**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SOUTHERN OHIO MEDICAL CENTER,
    Plaintiff,

vs.

MARK GRIFFITH and
COUNTRYSIDE RENTALS, INC.,
d/b/a Rent 2 Own,
    Defendants.

Case No. 19-cv-261
Dlott, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

This matter is before the Court on defendant Griffith's motion to dismiss (Doc. 5),

plaintiff Southern Ohio Medical Center's memorandum in opposition (Doc. 7), and Griffith's

reply memorandum (Doc. 8); plaintiff's motion for leave to file a signed consent form for

treatment and promise to pay in support of its response in opposition to Griffith's motion to

dismiss (Doc. 10); and defendants' joint motion to dismiss plaintiff's complaint on ERISA

grounds (Doc. 14), to which plaintiff has not responded.

**I. Procedural background**

    **A. Notice of Removal**

Plaintiff Southern Ohio Medical Center (SOMC) first filed this action in the Scioto

County, Ohio Court of Common Pleas in September 2018. (Doc. 3; Doc. 13, Exh. A). SOMC

brought the action to collect $153,656.49 for medical services that it provided to defendant Mark

Griffith. SOMC brought two claims against defendants. First, SOMC claimed that defendant

Griffith owes SOMC $153,656.49 for the medical services SOMC provided to him. (Count

One). Second, SOMC claimed that Griffith's self-insured employer, Countryside Rentals, Inc.

(Countryside), pre-approved and agreed to pay for those services through its agent and the third-

party administrator, Group & Pensions Administrators, Inc. (GPA) (Count Two). SOMC alleged

that Countryside "did not have a provider agreement with [SOMC] . . . ." (Doc. 3 at 2). SOMC attached a "Notice under the Fair Debt Collection Practices Act" to the complaint which states: "As of September 2018, you[1] owe [SOMC] the sum of [$153,656.49]," and SOMC is the creditor. (*Id.* at 5).

Defendant Countryside removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a) on the ground SOMC seeks to recover benefits under an employee welfare benefit plan, and plaintiff's claims are completely preempted by the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*[2] (Doc. 1). Countryside alleged that SOMC seeks additional payments for services that Countryside allegedly pre-approved for defendant Griffith under Countryside's self-funded ERISA plan, which Countryside sponsors and administers. Countryside asserted that only the ERISA plan documents govern the amounts that Countryside must pay to SOMC for hospital goods and services provided to plan participants. Countryside alleged that SOMC could have brought its claim against Countryside under 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3), and SOMC's claim is not supported by any legal duty arising outside of the ERISA plan. Countryside alleged that SOMC's claim against it therefore arises under federal law, the federal court has original jurisdiction over the claim, and ERISA preempts SOMC's state law claim. SOMC subsequently filed a motion to remand this matter to the state court. (Doc. 6).

---

[1] "[Y]ou" is not identified in the notice.

[2] Section 1331 grants the district courts original jurisdiction over cases arising under the laws of the United States. 28 U.S.C. § 1331. Section 1441 provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . . ." 28 U.S.C. § 1441(a).

**B. The Court's denial of SOMC's motion for remand**

On February 6, 2020, the District Judge adopted the Report and Recommendation of the undersigned magistrate judge to deny SOMC's motion to remand this matter to state court. The Court determined that SOMC's state law claim against Countryside was completely preempted by ERISA, which confers federal jurisdiction on this Court. (Docs. 15, 20). The Court also determined, however, that there was no basis for finding ERISA jurisdiction over SOMC's claim against Griffith. Nevertheless, because the Court has federal jurisdiction over SOMC's ERISA claim against Countryside, the Court noted it could exercise supplemental jurisdiction over SOMC's state law claim against Griffith. The District Judge declined at that juncture to determine whether the Court would exercise supplemental jurisdiction pending resolution of the motions to dismiss. (Doc. 20 at 3).

**II. SOMC's motion for leave to file (Doc. 10)**

SOMC seeks leave to file a consent for treatment and promise to pay form, signed by defendant Griffith upon his admission to SOMC for treatment, in support of its opposition to Griffith's motion to dismiss. (Doc. 10). SOMC states this document has already been submitted as an attachment to Griffith's memorandum in opposition to SOMC's motion to remand. (Doc. 9-1). For good cause shown, the motion is **GRANTED**. The Court will consider this document in deciding Griffith's motion to dismiss.

**III. Defendant Griffith's motion to dismiss (Doc. 5)**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is

entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Although styled as a motion to dismiss, defendant Griffith's motion does not seek a dismissal under Fed. R. Civ. P. 12(b). Rather, Griffith moves for "a more definite statement" to enable him to prepare a response. (Doc. 5 at 3). SOMC contends that Griffith signed a consent form authorizing SOMC to provide medical treatment to him and agreeing that Griffith would pay for such treatment. (Doc. 7). The "Release of Information and Assignment of Benefits" form referenced in Document 10 and found at Document 9-1 states that "the undersigned [Griffith] agrees to pay the hospital and physicians/designee for all charges not covered by this assignment of benefits." Construing SOMC's complaint in light of the "Release" form, a form that both parties have relied on in this case,[3] it is clear that SOMC is asserting a breach of contract claim against Griffith for any medical charges not paid by Countryside, the third-party payor. Griffith has fair notice of the breach of contract claim in this case, and his motion to dismiss/for more definite statement should be denied.

## IV. Defendants' joint motion to dismiss on ERISA grounds (Doc. 14)

Defendants Griffith and Countryside move to dismiss SOMC's complaint on the basis that the state law claims pled are completely preempted by ERISA and otherwise fail to

---

[3] Although the "Release" form was not attached to SOMC's complaint, defendants submitted this form in support of their removal of this case based on ERISA preemption jurisdiction. (Doc. 9-1). SOMC also relies on this form in support of its opposition to Griffith's motion dismiss. (Doc. 10). Under these circumstances, the form is central to SOMC's claims and is properly considered under Rule 12(b)(6). *See Bassett v. NCAA,* 528 F.3d 426, 430 (6th Cir. 2008).

state a claim for relief for unjust enrichment or quantum meruit.[4]    Defendants appear to argue

that because SOMC's state law claim (whether construed as a claim for quantum meruit or a

claim to recover payments owed) against Countryside is preempted by ERISA, and the complaint

does not allege a claim under ERISA, 29 U.S.C. § 1132(a), the complaint should be dismissed.

(Doc. 14 at 8-11).

Defendants misconstrue the nature of ERISA preemption, which was the basis for

removal of this case from state to federal court. "Put simply, a defendant cannot remove an

action on the basis that it states a claim under ERISA, and then move to dismiss on the basis that

it is preempted by ERISA, the very statute which gave it life." *Ackerman v. Fortis Benefits Ins.*

*Co.*, 254 F. Supp. 2d 792, 817 (S.D. Ohio 2003).  As explained by this Court:

> [I]f the Plaintiffs' state-law claims are "completely preempted" by ERISA, then
> regardless of the language employed in the Complaint, those claims must be
> construed as setting forth claims for ERISA plan benefits under 29 U.S.C. §
> 1132(a)(1)(B). . . .  The Sixth Circuit has recognized that "in order to come within
> the [complete preemption] exception [for removal,] a court must conclude that the
> common law or statutory claim under state law should be characterized as a
> superseding ERISA action. . . ." *Warner v. Ford Motor Co.,* 46 F.3d 531, 534 (6th
> Cir. 1995).  As a result, the Defendants would be entitled to summary judgment on
> the Plaintiffs' state-law claims, *as pled.*  It would defy logic, however, for the Court
> to allow removal on the basis that the Plaintiffs' Complaint contains federal causes
> of action, *arising under* ERISA from their inception, and then to grant summary
> judgment and enter final judgment against the Plaintiffs, because their claims are
> *preempted by* ERISA.

*Erbaugh v. Anthem Blue Cross & Blue Shield*, 126 F. Supp. 2d 1079, 1082 (S.D. Ohio 2000)

(quoting *B–T Dissolution, Inc. v. Provident Life and Accident Ins. Co.,* 101 F. Supp. 2d 930, 932

n. 3 (S.D. Ohio 2000) (emphasis in the original)).  "A court presented with a claim that is

completely preempted by ERISA has two options: allow the plaintiff to amend the complaint to

---

[4] To the extent defendants contend plaintiff's breach of contract claim should be dismissed for plaintiff's failure to
attach the contract/account to the complaint, dismissal on this basis is not warranted as the Court has granted
plaintiff leave to submit the relevant agreement to pay. (Doc. 9-1).

expressly assert an ERISA claim or simply treat the state-law claim as a claim under ERISA." *Laitinen v. Sun Life Assurance Co. of Canada,* No. 2:15-cv-144, 2016 WL 890337, at \*4 (W.D. Mich. Mar. 9, 2016) (quoting *Hogan v. Jacobson,* No. 3:12-cv-820, 2015 WL 1931845, at \*2 (W.D. Ky. Apr. 28, 2015)). "[T]he prevailing practice is to grant a party whose state-law claims have been removed on the basis of complete preemption leave to file an amended complaint, recasting those claims (which, despite their state-law language, are federal claims) in the language of ERISA." *Erbaugh,* 126 F. Supp. 2d at 1082 (citations omitted). *See also Richie v. Hartford Life & Acc. Ins. Co.,* No. 2:09-cv-00604, 2010 WL 785354, at \*6 (S.D. Ohio Mar. 5, 2010) (denying motion to dismiss after removal of breach of contract claim based on ERISA complete preemption and following prevailing practice of granting the plaintiff leave to amend complaint to expressly state a claim for ERISA benefits under § 502(a)).

Defendants properly removed this case based on complete preemption under ERISA. SOMC's state law claim against Countryside should therefore be characterized as a superseding ERISA action. Defendants' motion to dismiss based on ERISA preemption should be denied, and in accordance with the prevailing practice, SOMC should be granted an extension of time to file an amended complaint to expressly include a claim to recover benefits under ERISA § 502(a) against defendant Countryside. The Court should also exercise supplemental jurisdiction over SOMC's breach of contract claim against defendant Griffith.

Finally, to the extent SOMC's complaint may assert a claim for unjust enrichment/ quantum meruit, and such claim is not preempted by ERISA, this claim should be dismissed. The complaint fails to allege any facts that state a plausible claim for relief under this theory of recovery.[5]

---

[5] A plaintiff seeking to recover under a theory of unjust enrichment or quantum meruit must establish that (1) the plaintiff conferred a benefit on the defendant, (2) the defendant knew of the benefit, and (3) it would be unjust to

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff SOMC's motion for leave to file a signed consent form for treatment and promise to pay in support of its response in opposition to Griffith's motion to dismiss (Doc. 10) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Griffith's motion to dismiss/for more definite statement (Doc. 5) be **DENIED**.

2. Defendants' joint motion to dismiss on ERISA grounds (Doc. 14) be **DENIED**.

3. Plaintiff SOMC be granted an extension of time of **20 days** to file an amended complaint to expressly include a claim for benefits under ERISA § 502(a) against defendant Countryside.

4. The Court exercise supplemental jurisdiction over SOMC's breach of contract claim against defendant Griffith.

Date: 2/21/20

Karen L. Litkovitz
United States Magistrate Judge

---

permit the defendant to retain the benefit without payment. *Meyer v. Chieffo*, 950 N.E.2d 1027, 1039 (Ohio Ct. App. 2011).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SOUTHERN OHIO MEDICAL CENTER,             Case No. 19-cv-261
          Plaintiff,                      Dlott, J.
                                          Litkovitz, M.J.
     vs.

MARK GRIFFITH and
COUNTRYSIDE RENTALS, INC.,
D/b/a Rent 2 Own,
          Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).